IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

SHARON DAVIS o/b/o
JERRY DAVIS                                                              PLAINTIFF


VS.                            CASE NO. 3:14CV00235 PSH


CAROLYN W. COLVIN, Acting Commissioner,
    Social Security Administration                                       DEFENDANT



ORDER

Plaintiff Sharon Davis o/b/o Jerry Davis[1] ("Davis"), appeals the final decision of the Commissioner of the Social Security Administration (defendant "Colvin") to deny her claim for Disability Insurance benefits (DIB), contending: (1) the vocational expert's testimony conflicted with the *Dictionary of Occupational Titles ("DOT")*; and (2) the Administrative Law Judge ("ALJ") erred in his residual functional capacity ("RFC") finding. The parties have ably summarized the medical records and the testimony given at the administrative hearings conducted on July 14, 2009, and December 3, 2012. (Tr. 22-36, 411-432). Two hearings were conducted because this Court remanded the case for further proceedings on October 25, 2011. (Tr. 454-462). The Court has carefully reviewed the record to determine whether there is substantial evidence in the administrative record to support Colvin's decision. 42 U.S.C. § 405(g).

---

[1] Jerry Davis filed the initial application for benefits in this case. While the case was pending, Jerry Davis died on June 19, 2014. Sharon Davis, his widow, was substituted for him as a party in the disability proceedings and brings this action on his behalf.

1

**History:** Prior to addressing Davis' points for reversal, it is beneficial to consider the history of this case. His alleged onset date is February 15, 2006, and his insured status expired on March 31, 2011. Thus, these dates frame the relevant time period for disability purposes. Following the initial administrative hearing on July 14, 2009, the ALJ found Davis had the severe impairments of a back disorder and osteoarthritis. The ALJ also found Davis had the RFC to perform light work with postural limitations. Utilizing the Medical-Vocational Guidelines, the ALJ held Davis was not disabled. (Tr. 9-17).

United States Magistrate Judge J. Thomas Ray remanded the case, finding the ALJ should not have relied upon the Medical-Vocational Guidelines when nonexertional (postural limitations) impairments were present. The ALJ was directed to obtain testimony from a vocational expert in the ensuing administrative hearing. (Tr. 454-462).

Davis and Beth Clem, a vocational expert, testified at the second administrative hearing. Following this hearing, the ALJ[2] determined Davis had the severe impairments of degenerative disc disease, lumbar spondylosis and radiculopathy, osteoarthritis, hypertension, palpitations, and chronic bronchitis. The ALJ found Davis to have the RFC for light work with restrictions, and found Davis could perform his past relevant work as a shoe parts cutter. As a result, the ALJ found Davis was not disabled. (Tr. 399-405).

Davis sought review from the Appeals Council. On May 20, 2014, the Appeals Council informed Davis that it was assuming jurisdiction of the case and that it disagreed with the ALJ's finding, at Step 4, that Davis could perform his past relevant work. Davis was further informed that

---

[2] ALJ David L. Knowles presided over the second administrative hearing. Larry F. Butler was the ALJ at the first hearing.

the Appeals Council had reviewed the record and would issue, at a later date, an unfavorable decision to Davis. Specifically, the decision would be that Davis was disabled at Step 5, not Step 4, due to his ability to perform other work in the national economy. Davis was notified of his opportunity to offer a statement about the facts and the law within thirty days of the May 20, 2014, Appeals Council letter[3]. Davis was informed, "If we do not hear from you within 30 days, we will assume that you do not want to send us more information. We will then make our decision." (Tr. 367-369).

Davis did not submit a statement about the facts and the law to the Appeals Council, which found Davis was not disabled in a September 23, 2014, decision. The Appeals Council determined Davis could not perform his past relevant work. Relying upon the testimony of the vocational expert, the Appeals Council held Davis could perform certain unskilled, sedentary jobs which did not conflict with his postural limitations. Examples of such jobs include assembler, sorter, and machine tender. (Tr. 360-363).

We now consider Davis' claims for relief.

**The vocational expert's testimony conflicted with the *Dictionary of Occupational Titles* ("DOT"):** Davis contends the vocational expert at the second administrative hearing testified incorrectly about the exertional level required for his past job as a shoe parts cutter. Davis argues the vocational expert described his past relevant job as a light exertional level job under the DOT, while the correct exertional level was actually medium. As a result, Davis seeks a remand of the case to determine whether Jerry Davis could have performed other jobs in the national economy. *Plaintiff's brief at 23-24*. This argument would be pertinent if Colvin had found Davis capable of

---

[3] The Appeals Council letter was addressed to Davis' attorney, with a carbon copy to Davis.

performing his past relevant work, a Step 4 decision. However, Colvin's decision, as detailed by the Appeals Council, was a Step 5 decision that Davis could not perform his past relevant work but could perform other work. As a result, any error in the vocational expert's characterization of Davis' past relevant work is harmless. This claim is therefore without merit.

**The ALJ erred in his RFC finding:** The ALJ, in his second opinion, found Davis to have the RFC to perform light work with the following restrictions: occasionally climb stairs and ramps, balance, stoop, kneel, crouch and crawl. (Tr. 402). The Appeals Council concurred with the ALJ's RFC determination. Significantly, the Appeals Council's decision at Step 5 identified three sedentary jobs that did "not require postural activities" which Davis could perform. Thus, it is implicit in Colvin's ultimate decision that Davis had at least the RFC to perform sedentary jobs which required no "postural activities". (Tr. 361). Apparently the "postural activities" referred to by the Appeals Council is the occasional climbing of stairs and ramps, balancing, stooping, kneeling, crouching and crawling.

As a result, we will consider if there is error in the RFC determination that Davis could perform sedentary work. Initially, we note that the RFC need not mirror the findings of any one physician, as the ALJ is not bound to choose any one physician and adopt his/her findings as the appropriate RFC. Instead, it "is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). And while the ALJ is to consider all relevant evidence, not all of the evidence is to be given equal value. For example, a treating physician's medical opinions are given controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and

are not inconsistent with the other substantial evidence. *See Choate v. Barnhart*, 457 F.3d 865, 869 (8th Cir. 2006) (internal quotations omitted). The ALJ may discount or even disregard a treating physician's opinions if "other medical assessments are supported by better or more thorough medical evidence or where a treating physician renders inconsistent opinions that undermine the credibility of his opinion." *See Id.* (internal quotations omitted).

In this instance, the treating physician, Dr. Troxel, opined in January 2008 that Davis met "the criteria for disability as outlined by the Social Security Administration." Dr. Troxel indicated Davis' lumbar radiculopathy "causes him to be in chronic pain and his medications contribute to an increase in fatigue." Dr. Troxel stated Davis would "face tremendous difficulties with standing, balancing, stooping and neck posture changes." (Tr. 336).

The ALJ considered Dr. Troxel's opinion, noting that no other medical source "has given such an extreme opinion." (Tr. 432). The ALJ found Dr. Troxel's opinion was unsupported "by the totality of the medical evidence." The ALJ gave "great weight" to the opinion of consultative examiner Dr. Kumar[4], as well as to the state agency medical consultant. (Tr. 432). We must determine if the ALJ correctly discounted the treating physician's opinion. Otherwise, the treating physician's opinion controls.

A thorough review of Dr. Troxel's records is beneficial. Davis was a new patient to Dr. Troxel on April 1, 2004, about two years prior to the beginning of the relevant period for disability purposes (February 15, 2006). Davis was treated primarily for tennis elbow (epicondylitis) during

---

[4] Dr. Kumar, in a June 2007 report, found Davis to have mild degenerative joint disease, chronic low back pain, radiculopathy, a history of hypertension, high cholesterol, and anger management problems. Dr. Kumar concluded Davis' "ability to hear and speak is good. His ability to sit, stand, walk, carry and handle objects is fairly well preserved." (Tr. 318).

2004 and early 2005. In January 2006 it appears[5] that Davis was first diagnosed by Dr. Troxel with osteoarthritis. (Tr. 306). Five months later Davis was again seen by Dr. Troxel, who noted back pain. (Tr. 305). Eight months later, in March 2007, Davis was seen by Dr. Troxel for osteoarthritis. (Tr. 224). Five months later Davis was seen again by Dr. Troxel, who noted a history of hypertension and lumbar radiculopathy and diagnosed Davis with hypertension that date. (Tr. 331). Five months later Dr. Troxel offered his opinion that Davis was disabled. (Tr. 336).

Roughly thirty-seven months passed from the time of Dr. Troxel's January 2008 opinion until the expiration of the relevant time period for disability purposes on March 31, 2011. Davis saw Dr. Troxel fourteen times during this period, and was prescribed various medications, including pain prescriptions. The last time Davis was seen by Dr. Troxel during the relevant time period was on September 9, 2010. Dr. Troxel diagnosed lumbar spondylosis, and stressed to Davis the importance of diet and exercise. (Tr. 554).

The ALJ correctly discounted the opinion of Dr. Troxel. The notes contained in Dr. Troxel's records simply do not support his opinion. Davis was seen sporadically by Dr. Troxel during the two years preceding Dr. Troxel's opinion regarding disability. The notes of these visits are at odds with the opinion rendered in January 2008. (Dr. Troxel's opinion also appears to anticipate a job beyond the sedentary level, as he cites Davis' difficulties with standing, balancing, stooping, and neck posture changes.) In addition, Dr. Troxel's September 2009 medical advice for Davis to stress diet and exercise contradicts the opinion of disability.

In summary, substantial evidence supports the ALJ's treatment of Dr. Troxel's opinion. The remaining evidence of record, including the findings of consultative examiner Dr. Kumar,

---

[5] Many of Dr. Troxel's notes are illegible.

support the RFC determination that Davis could perform sedentary work. It follows that the Appeals Council's decision based upon this RFC is supported by substantial evidence.

The ultimate decision of Colvin was supported by substantial evidence. We are mindful that the Court's task is not to review the record and arrive at an independent decision, nor is it to reverse if we find some evidence to support a different conclusion. The test is whether substantial evidence supports the ALJ's decision. *See, e.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). This test is satisfied in this case.

IT IS THEREFORE ORDERED that the final decision of Colvin is affirmed and Davis' complaint is dismissed with prejudice.

IT IS SO ORDERED this 14th day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE